## No. 601

## STEUBENVILLE, E. L. & B. V. TRAC. CO.

### v. WAGNER

No. 20606, Supreme Court.

On Motion to certify, Dock. 6-17-27; 5 Abs. 418.

**301. CONTRIBUTORY NEGLIGENCE**— Where evidence is undisputed that plaintiff drove onto railroad track from dead end street; that a distance of 18 feet, unobstructed, existed between nearest rail and property line of street; that he could see in direction of approaching car, a distance of from 275 to 300 feet; was plaintiff guilty, as a matter of law, of such contributory negligence, as would bar him from recovery of damages for injuries sustained in collision with car?

This was an action commenced in the Common Pleas Court by Charles F. Wagner against the Traction Co. The parties will be hereinafter referred to as plaintiff and defendant as they appeared in the trial court.

Plaintiff drove his automobile out of the end of a dead-end street and upon the track of defendant, where he was struck by one of defendant's cars. The undisputed testimony showed that a distance of eighteen feet, unobstructed, existed between the nearest rail of the defendant's track and the property line of the street, and plaintiff testified that he could

see, along the track in the direction from which the car was approaching a distance of 275 to 300 feet. The jury in the Common Pleas returned a verdict in favor of plaintiff, awarding him damages to his automobile and also for personal injuries. The Court of Appeals affirmed the Common Pleas.

Plaintiff asks that the Court of Appeals be required to certify its record for the following reason:

Under the undisputed evidence plaintiff's damage and injuries were caused entirely by his own carelessness and negligence. The trial court should have directed a verdict for defendant at the close of plaintiff's testimony.

Attorneys—Mansfield & Merryman for Traction Co.; A. W. Morehead for Wagner. All of Steubenville.